OCT 26 2026 PM1:44
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**CHRISTOPHER PORTER,**
Plaintiff,

v.

**ENTERPRISE LEASING COMPANY OF FLORIDA, LLC, d/b/a ENTERPRISE RENT-A-CAR,**
Defendant.

Case No.: 8:26-cv-3246-JLB-LSG

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Christopher Porter, proceeding pro se, sues Defendant Enterprise Leasing Company of Florida, LLC, doing business as Enterprise Rent-A-Car, and alleges as follows:

## I. NATURE OF THE ACTION

**1.** This action arises from an alleged racially discriminatory refusal to complete a consumer rental-car transaction at an Enterprise Rent-A-Car branch in Tampa, Florida, on September 28, 2025.

**2.** Plaintiff alleges that he had reserved a rental vehicle through Enterprise, appeared at the branch to obtain the vehicle, and presented a valid Florida driver's license. An employee nevertheless accused Plaintiff of presenting a fake or fraudulent license and refused to rent the reserved vehicle to him.

**3.** Plaintiff is Black. He was born in Jamaica and speaks with a Jamaican accent. Plaintiff alleges that race was a but-for cause of the refusal to contract and of the materially different treatment he received.

**4.** Plaintiff later obtained an Enterprise rental at Tampa International Airport using the same Florida driver's license. Plaintiff alleges that this subsequent transaction is circumstantial evidence that the license itself did not justify the earlier refusal to rent.

TPA 75097 $405.

**5.** Plaintiff brings his principal federal claim under 42 U.S.C. § 1981, which protects the equal right to make and enforce contracts without racial discrimination.

**6.** Plaintiff seeks compensatory damages for proven economic and noneconomic injuries, punitive damages to the extent authorized by law and supported by the evidence, costs, appropriate equitable relief, and a jury trial.

## II. PARTIES

**7.** Plaintiff Christopher Porter is a United States citizen. At the time of the September 28, 2025 incident, Plaintiff was residing in New Jersey. Plaintiff currently resides in Pasco County, Florida.

**8.** Plaintiff is a Black man and a United States Navy veteran who has been determined to be 100% disabled.

**9.** Plaintiff uses a Florida driver's license. Plaintiff alleges that the license he presented on September 28, 2025 was valid and was associated with his Enterprise customer account.

**10.** Defendant Enterprise Leasing Company of Florida, LLC is identified in the Florida Division of Corporations as an active foreign limited liability company doing business in Florida.

**11.** Upon information and belief, Defendant operates Enterprise Rent-A-Car locations in Florida and is the Florida operating entity associated with the Enterprise Rent-A-Car business involved in the transaction alleged here.

**12.** Plaintiff presently identifies Defendant based on publicly available Florida corporate records. If discovery establishes that a different or additional Enterprise entity operated the Tampa Drew Park branch, employed the involved personnel, controlled the rental transaction, or is otherwise legally responsible, Plaintiff reserves the right to seek leave to amend under the Federal Rules of Civil Procedure.

## III. JURISDICTION AND VENUE

**13.** This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Count I arises under 42 U.S.C. § 1981.

**14.** This Court also has jurisdiction under 28 U.S.C. § 1343(a)(4) over an action seeking relief under an Act of Congress providing for the protection of civil rights.

**15.** Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Tampa, Hillsborough County, Florida.

**16.** The Tampa Division is the appropriate division because the events occurred in Hillsborough County and Plaintiff currently resides in Pasco County, both of which are served by the Tampa Division.

## IV. FACTUAL ALLEGATIONS

**17.** On Sunday, September 28, 2025, at approximately 1:10 p.m., Plaintiff went to the Enterprise Rent-A-Car Tampa Drew Park location at 3909 W. Hillsborough Avenue, Tampa, Florida 33614.

**18.** Plaintiff went to that branch to pick up a rental vehicle that he had reserved through Enterprise's application.

**19.** Plaintiff had used Enterprise for many years before this incident and expected an ordinary rental transaction.

**20.** Plaintiff presented his Florida driver's license to the employee handling the transaction.

**21.** Plaintiff's Florida driver's license was a REAL ID credential and displayed a disabled-veteran designation.

**22.** The employee examined the driver's license and, according to Plaintiff, stated words to the effect that the license looked 'fake.'

**23.** Plaintiff alleges that the employee's accusation was immediate and humiliating because Plaintiff had presented government-issued identification in connection with a routine consumer

transaction.

**24.** The employee took Plaintiff's driver's license away from the front counter and into a back area.

**25.** When the employee returned, he told Plaintiff that he would not rent Plaintiff the vehicle because the license was supposedly fake or fraudulent.

**26.** According to Plaintiff, the employee also stated that he had not seen a Florida driver's license with an address from another state.

**27.** Plaintiff alleges that the employee did not provide Plaintiff with a neutral verification procedure that would allow him to establish the validity of the license before refusing the transaction.

**28.** Plaintiff alleges that his race and the racialized assumptions made about him materially affected the employee's treatment of him and the decision to refuse the rental.

## V. ESCALATION AND PLAINTIFF'S DEPARTURE

**29.** During the encounter, another male employee became involved.

**30.** Plaintiff perceived the employees' tone, positioning, and direction that he leave as intimidating and threatening.

**31.** Plaintiff became concerned that law enforcement might be summoned based on the employee's accusation that he was using fraudulent identification.

**32.** Plaintiff left the branch rather than allow the encounter to escalate.

**33.** Plaintiff alleges that the experience caused immediate humiliation, fear, embarrassment, and distress.

**34.** Plaintiff does not allege that every Enterprise employee acted discriminatorily. His allegations concern the treatment at the Tampa Drew Park location and the conduct of the personnel involved in that transaction.

## VI. VIDEO AND DOCUMENTARY EVIDENCE

35. Plaintiff recorded portions of the September 28, 2025 encounter on video.

36. Plaintiff has preserved the original video files in his possession.

37. The videos are not embedded in this pleading. Plaintiff will preserve and produce them in accordance with the Federal Rules of Civil Procedure, the Court's orders, and applicable discovery procedures.

38. Plaintiff also possesses documents relating to his Enterprise reservation and subsequent Enterprise rental transactions.

39. On October 20, 2025, Plaintiff sent Enterprise a written complaint describing the incident and attached multiple video files.

40. Plaintiff requested an investigation, an apology, corrective action, and compensation for the humiliation and emotional distress he alleged.

41. Plaintiff states that Enterprise did not provide him with a substantive response to that complaint before this action was prepared.

## VII. SUBSEQUENT RENTAL AT TAMPA INTERNATIONAL AIRPORT

42. After leaving the Tampa Drew Park branch, Plaintiff went to an Enterprise location at Tampa International Airport.

43. Plaintiff presented the same Florida driver's license in connection with obtaining a rental vehicle.

44. Enterprise personnel at the airport completed a rental transaction with Plaintiff.

45. Plaintiff possesses rental documentation associated with the subsequent airport transactions, including rental agreement numbers 473155656 and 473166652.

46. Plaintiff alleges that the successful airport transaction undermines the asserted premise that his driver's license was inherently fraudulent or unusable for an Enterprise rental.

**47.** Plaintiff further alleges that the contrast between the two transactions supports his contention that the Tampa Drew Park refusal was not the product of a uniformly applied Enterprise identification rule.

## VIII. RACIAL DISCRIMINATION AND CONTRACTUAL INTERFERENCE

**48.** Plaintiff sought to enter into and/or complete a rental-car contractual relationship with Enterprise.

**49.** The reservation and attempted rental transaction involved the exchange of payment for the temporary use of a vehicle and therefore implicated contractual rights protected by 42 U.S.C. § 1981.

**50.** Section 1981 protects the right to make and enforce contracts on the same basis as white citizens and applies to private discrimination.

**51.** Plaintiff alleges that he was ready and willing to satisfy legitimate rental requirements and to complete the transaction.

**52.** Plaintiff alleges that Defendant, acting through personnel within the course and scope of their work at the branch, prevented him from completing or enjoying the rental transaction.

**53.** Plaintiff alleges that his race was a but-for cause of that interference.

**54.** Plaintiff relies on the totality of the circumstances, including the allegedly immediate accusation of fraud, the manner of the interaction, the absence of a meaningful neutral verification process as experienced by Plaintiff, the escalation of the encounter, and the successful Enterprise rental using the same license later that day.

**55.** Plaintiff recognizes that his Jamaican accent and national origin are distinct characteristics. Count I is pleaded as a claim of intentional racial discrimination under § 1981; Plaintiff alleges his accent and background formed part of the circumstances in which the racial discrimination occurred, not as an independent § 1981 national-origin claim.

## IX. COUNT I - 42 U.S.C. § 1981

**Intentional Racial Discrimination in Making and Enforcing Contracts**

**56.** Plaintiff realleges paragraphs 1 through 55 as though fully set forth here.

**57.** Plaintiff had an existing and/or proposed contractual relationship with Enterprise concerning the reserved rental vehicle.

**58.** Plaintiff possessed the right protected by 42 U.S.C. § 1981 to make and enforce that contract without intentional racial discrimination.

**59.** Defendant is a private commercial entity subject to § 1981.

**60.** Defendant, through its personnel, refused to complete or honor the rental transaction with Plaintiff.

**61.** Plaintiff alleges that race was a but-for cause of the refusal and of the unequal contractual treatment.

**62.** As a direct and proximate result, Plaintiff suffered actual injury, including humiliation, emotional distress, inconvenience, disruption of his travel plans, and other damages to be proven.

**63.** Plaintiff seeks all legal and equitable remedies available for a proven violation of § 1981.

## X. DAMAGES

**64.** Plaintiff seeks compensatory damages in an amount to be determined by the jury based on competent evidence.

**65.** Plaintiff's claimed noneconomic injuries include humiliation, embarrassment, loss of dignity, emotional distress, anxiety, and fear arising from being accused of presenting fraudulent government identification and being ordered to leave the branch.

**66.** Plaintiff also seeks recovery of any proven out-of-pocket loss, additional transportation or rental expense, or other economic loss caused by the refusal to rent.

**67.** Plaintiff alleges that the incident was especially distressing because he believed the accusation of fraud could lead to police involvement and further escalation.

**68.** Plaintiff's status as a disabled veteran is alleged as part of his personal circumstances and the impact of the incident. Plaintiff does not plead that veteran status itself is a protected category under § 1981.

**69.** Plaintiff seeks punitive damages to the extent authorized by law if the evidence establishes the required level of intentional, malicious, reckless, or callously indifferent conduct and the legal requirements for imposing such damages on Defendant.

**70.** For settlement purposes before suit, Plaintiff previously discussed a figure in the range of $100,000 to $150,000. Plaintiff does not ask the Court to treat that pre-suit negotiation figure as a liquidated measure of damages. The amount recoverable, if any, is for the factfinder to determine under the governing law and evidence.

## XI. EQUITABLE AND DECLARATORY RELIEF

**71.** Plaintiff requests such declaratory or equitable relief as the Court determines is legally available and supported by the evidence.

**72.** To the extent prospective injunctive relief requires a showing of a real and immediate threat of future injury, Plaintiff requests such relief only if he can establish Article III standing and the other prerequisites at the appropriate stage of the case.

## XII. PRESERVATION OF EVIDENCE

**73.** Plaintiff has preserved the videos in his possession and intends to preserve relevant emails, reservation records, rental agreements, and correspondence.

**74.** Plaintiff requests that Defendant preserve potentially relevant evidence, including branch surveillance footage, transaction logs, reservation records, customer-account records, identification-verification records, internal communications, employee schedules, policies, training materials, incident reports, and communications concerning Plaintiff or the September 28, 2025 encounter, to the extent such materials exist and are within Defendant's possession, custody, or control.

**75.** This paragraph states a preservation request and does not purport to impose obligations beyond those provided by applicable law and the Federal Rules of Civil Procedure.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher Porter respectfully requests that the Court:

(A) enter judgment in Plaintiff's favor on Count I;

(B) award compensatory damages in an amount proven at trial;

(C) award punitive damages if legally available and supported by the evidence;

(D) award taxable costs and any other monetary relief authorized by law;

(E) grant appropriate declaratory or equitable relief if Plaintiff establishes entitlement and standing;

(F) grant pre-judgment and post-judgment interest to the extent authorized by law; and

(G) grant such other relief as the Court deems just and proper.

## XIV. JURY DEMAND

**76.** Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**Christopher Porter**

Plaintiff, Pro Se

Public Contact: Wesley Chapel, Florida 33545

Mailing Address:

Wesley Chapel, Florida 33545

Telephone: (954) 559-4921

Email: chrisporter2478@icloud.com

**Dated: October 7, 2026**

## EXHIBIT / EVIDENCE INDEX

**Important:** This index is for Plaintiff's organization and future disclosure. Unless required by a rule, order, or a specific filing need, the videos themselves need not be physically attached to the initial complaint.

**Exhibit A.** Enterprise reservation confirmation / account documentation relating to the September 28, 2025 reservation.

**Exhibit B.** Florida driver's license information. Public filing should use a redacted copy if a copy is ever filed; do not expose unnecessary personal identifiers.

**Exhibit C.** Video files recorded during the September 28, 2025 Tampa Drew Park encounter. Originals preserved by Plaintiff.

**Exhibit D.** Enterprise rental agreement / transaction documentation from Tampa International Airport, including agreement numbers 473155656 and 473166652.

**Exhibit E.** October 20, 2025 written complaint to Enterprise and email transmission showing video attachments.

**Exhibit F.** Any later demand letters, delivery confirmations, or Enterprise responses, if any.

**Exhibit G.** Contemporaneous notes concerning the incident and claimed emotional impact.

### PRESERVATION NOTE

Keep the original video files unchanged. Make at least two backup copies. Do not edit, trim, re-encode, rename over the originals, or add captions to the original evidence files. Create working copies for viewing if needed. Maintain a simple log showing the original filename, date preserved, storage location, and any copy made.

## FILING NOTES FOR PLAINTIFF - NOT PART OF THE COMPLAINT

**Where:** Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

**Division:** Tampa Division, Middle District of Florida. Pasco and Hillsborough Counties are both in the Tampa Division.

**Pro se filing:** Unless the Court has already granted you electronic filing permission, submit the initiating papers in paper form by hand delivery or mail/delivery service. For a filing you want made tomorrow, hand delivery avoids the rule that mailed papers are filed when received.

**Clerk hours:** 8:30 a.m. to 4:00 p.m., Monday through Friday except federal holidays.

**Fee:** $405 for a new civil action. You have stated that you do not want to seek in forma pauperis status.

**Bring:** the signed original complaint, a completed JS-44 Civil Cover Sheet, and a completed AO 440 summons for the defendant. The court states it requires the original pleading; keep a separate copy for yourself.

**Defendant / service:** Florida corporate records identify Enterprise Leasing Company of Florida, LLC and list C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324 as registered agent. Do not serve an unsigned summons. Obtain the issued summons from the Clerk first and then arrange service under Rule 4.

**Videos:** Preserve them. Do not try to hand the Clerk a phone containing the videos as part of the complaint. Evidence is generally produced later under the applicable rules or when needed to support a filing.

**Privacy:** A complaint filed in federal court is ordinarily a public record. The mailing address appearing in the signature block will therefore ordinarily be public. If is your actual home and you do not want it public, ask the Clerk about the proper procedure for requesting protection before filing rather than assuming it can be hidden automatically.

**Entity caution:** The caption uses the Florida operating entity found in the official Florida corporate registry. If your reservation agreement identifies a different legal rental company, show that document to the Clerk only for administrative questions and consider having a Florida civil-rights attorney review the caption before service.

CHRISTOPHER PORTER
6397 Caroline Dr
Wesley CHAPel, FL 33545
chrisporter247@live.com
(954) 559-4921

10/26/2026